W. H. KREMER, Respondent, v. EAGLE MANUFACTURING COMPANY, Appellant.

Kansas City Court of Appeals, October 1, 1906.

1. **MASTER AND SERVANT: Master's Liability: Burden of Proof.** The mere fact of the servant's injury in his place of work does not of itself raise an inference of negligence, since the master is not an insurer of the servant's safety, and the burden is on the latter to show the former's negligence.

2. ————: **Master's Negligence: Evidence: Jury.** Evidence of a defect similar to the one causing the injury and in close proximity thereto is admissible even in the absence of direct evidence identifying them, and when produced the jury should be permitted to consider and weigh such evidence along with the other facts and circumstances.

3. ————: **Contributory Negligence: Evidence.** On the evidence it is held the question of contributory negligence was properly sent to the jury.

4. ————: ————: **Foreman: Different Departments.** The foreman of one department of a manufacturing concern cannot be charged with knowledge of the conditions of the floor of another department in a different corner of the same building, and when entering the latter on business is not required to give the close attention to the floor, after observing an apparently safe passageway ahead of him that he would if he had known the defects; nor, though there were two ways of reaching his destination, does the rule of choosing the safer of two methods of performing a duty, apply in such cases.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*Warner, Dean, McLeod, Holden & Timmonds* for appellant.

(1) The court committed error in overruling defendant's demurrer to the evidence at the close of the plaintiff's case. (a) Because the evidence fails to show any negligence on the part of the defendant. (b) Because plaintiff's evidence shows that his injury is attributed only to his own negligence. Yocum v. Trenton, 20 Mo. 489; Jordan v. Hannibal, 87 Mo. 673; Huffman v. Railroad, 78 Mo. 50; Wood on Master and Servant, sec. 419; Shearman and Redfield on Negligence, sec. 99; 2 Labatt, sec. 833, and authorities cited thereunder. (2) Where plaintiff's own case establishes contributory negligence, there is no disputed fact for the jury to pass upon, and the matter is one of law for the court. Roberts v. Tel. Co., 166 Mo. 384; Hudson v. Railroad, 101 Mo. 13; Warmington v. Railroad, 46 Mo. App. 171; Dickey v. Dickey, 111 Mo. App. 304; 1 Labatt's Master and Servant, sec. 32; 20 Am. and Eng. Ency. of Law (2 Ed.), 69; Lynch v. Railroad, 159 Mass. 536; Barstow v. Railway, 143 Mass. 535; Wiggins Ferry Co. v. Hill, 112 Ill. App. 475; Brewer v. Railroad, 23 N. W. 440; Stone v. Mfg. Co., 4 Oregon 52; 20 Am. and Eng. Cy. of Law (2 Ed.), 145; The Louisiana, 74 Fed. 748; Taylor v. Mfg. Co., 143 Mass. 470; Young v. Miller, 167 Mass. 224; Powell v. Iron Co., 98 Wis. 35; 20 Am. and Eng. Ency. of Law, 144; Smith v. Railroad, 113 Mo. 70; Blessing v. Railroad, 7 Mo. App. 594; s. c., 70 Mo. 410; Kelly v. Railroad, 11 Mo. App. 1; Claybaugh v. Railroad, 56 Mo. App. 630; Beck v. Mfg. Co., 82 Iowa 286. (3) The court committed error in overruling defendant's demurrer to the evidence at the close of the whole case.

*Russell Field* and *J. L. Lorie* for respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence, either at the close of

plaintiff's case or at the close of the whole case. Moore v. Railway, 73 Mo. 438; Degge v. Exp. Co., 64 Mo. App. 102; Plow Co. v. Sullivan, 158 Mo. 440; Caldwell v. Ripper, 84 Mo. App. 563; Building Ass'n v. Grocer Co., 82 Mo. App. 245; Webb v. Railway, 92 Mo. App. 543; Cohn v. Kansas City, 108 Mo. 387; Williams v. Railway, 153 Mo. 487. (2) The law indulges the presumption that the party injured was in the exercise of ordinary care and diligence in the discharge of his duty at all times, until the contrary appears. Parsons v. Railway, 94 Mo. 293, 294; Crampley v. Railway, 111 Mo. 158; Clark v. Shoe & Clothing Co., 16 Mo. App. 463; Busching v. Gas Co., 73 Mo. 219; Pelty v. Railway, 88 Mo. 320; Crane v. Railway, 87 Mo. 594; Taylor v. Railway, 26 Mo. App. 342; Blanton v. Dold, 109 Mo. 75; Parsons v. Packing Co., 96 Mo. App. 381; Henry v. Railway, 109 Mo. App. 492; Musick v. Packing Co., 58 Mo. App. 335; Gibson v. Railway, 46 Mo. 163; 20 Am. and Eng. Ency. Law, 58. Browning v. Kasten, 107 Mo. App. 62; Wood on Master and Servant, sec. 359, p. 732. (3) There is a wide difference in the inspection of a place or appliance for the purpose of ascertaining its condition, and the use of a place or appliance upon the assumption that it is safe. Gutridge v. Railway, 105 Mo. 520; Hester v. Packing Co., 84 Mo. App. 451; Parsons v. Packing Co., 96 Mo. App. 381; Irmer v. Brewing Co., 96 Mo. App. 17; Musick v. Packing Co., 58 Mo. App. 323; Nash v. Brick Co., 83 S. W. 90; Porter v. Railway, 71 Mo. 66; Dale v. Railway, 63 Mo. 459; Labatt on Master and Servant, secs. 402a, 403, 408, 409; Wood on Master and Servant, sec. 376, p. 750; Labatt on Master and Servant, sec. 330, p. 814, 815, 816; (4) There is ample evidence to show negligence on the part of defendant.

JOHNSON, J.—Plaintiff was injured while in the employment of defendant and alleges that his injuries

were the direct result of the negligence of defendant. He recovered judgment in the sum of $2,250 and defendant appealed. The issues presented by the pleadings and submitted to the jury in the instructions given were the negligence of defendant and the contributory negligence of plaintiff. Defendant unsuccessfully requested the giving of an instruction in the nature of a demurrer to the evidence and complains here of the refusal of the court to give that instruction. It is argued by defendant that the facts in evidence most favorable to plaintiff fail to show any negligence on the part of defendant, and do show that plaintiff himself in law was guilty of negligence that directly produced his injury. Facts in evidence pertinent to the inquiry thus presented are as follows:

On the date of the injury, March 14, 1905, defendant owned and was operating a factory in Kansas City, Kansas, for the making of agricultural implements, and plaintiff was the foreman of its foundry. The various activities of the business were conducted in a one-story building, 500 feet long by 80 feet wide, the long dimension being laid in an east and west direction. A row of wooden pillars for the support of the roof ran through the middle of the building the full length thereof. An aisle immediately north of this line of supports bisected the floor space and furnished a passageway from one end to the other. On either side of this aisle were located the different departments of manufacture. The foundry occupied the southeast corner and the woodworking department the southwest corner. Between them were two other departments.

Our concern is with the woodworking room, for it was there plaintiff was injured by tripping on a defective elevation in the floor. That room was 225 feet long by 40 feet wide. It was uninclosed on the north save by the line of pillars mentioned. On the south and west it was inclosed by outer walls of the building and on

the east by a partition, separating it from the adjoining department. The south wall was well supplied with windows. The roof on both sides was shouldered in on an inclined plane a short distance and then raised on perpendicular walls six or eight feet high forming what is known as a "texas." These overhead walls were provided with windows through which light was shed towards the middle of the room. The space in the wood shop was well filled with machinery, materials, bins, etc., systematically arranged to facilitate the work conducted. Owing to the fact that heavy loads had to be moved on trucks in different directions through the rooms, the floor was constructed of heavy planks twelve inches wide by two inches thick, laid flatwise on a bed of cinders and nailed to imbedded stringers. Lengthwise the course of these planks was east and west.

At about eleven o'clock in the forenoon plaintiff found it necessary to go from the foundry to the wood shop to present a requisition to the foreman of that shop for some materials needed in the foundry. After leaving the foundry he passed westward along the main aisle until he reached the east end of the wood shop. From this point an aisle extended southward to a door in the south wall. Plaintiff proceeded a few steps along this aisle looking for the foreman and, observing him sixty or eighty feet to the west, turned westward and walked along an open passageway running in that direction. He walked at an ordinary gait, was looking towards the foreman whose attention he endeavored to attract, but noticed the way ahead of him appeared to be clear and unobstructed. He had walked westward perhaps fifteen feet when the toe of his advancing foot struck against and slipped under the end of a plank in the floor that had become loosened and was elevated above the surrounding surface. The result was a fall that fractured his knee cap. An examination of the place

disclosed the fact that the end of the plank on the under side was very rotten and by warping had turned upward. Where plaintiff's foot struck the wood was shattered and the plank was split back from the end a distance of about fifteen inches. On the side of the split where the blow was delivered the end of the board was raised four or five inches and on the other side about an inch above the surface of the floor. The stringer to which the board had been nailed was found to be rotten. The passageway at this point was about three and one-half feet wide and ran between continuous lines of machines, loaded trucks and other obstructions to the free passage of light, so that the place was cast in deep shadow. It was shown that the surface of the floor had by wear become somewhat uneven and plaintiff knew of this condition, but had no knowledge of any defects that called for the exercise of special care by one walking along the passageway and being intent on his mission, looked at the floor only in a general way.

Defendant contends that no negligence should be imputed to it under the facts in proof, because it does not appear that the defect existed for any length of time before the injury. The mere fact that a servant is injured in the discharge of his duties by a defect in the place provided for his use by the master, does not of itself raise an inference of negligence. The master is not an insurer of the safety of the servant and is only required to exercise reasonable care to discover the presence of defects and when discovered to employ reasonable diligence to repair them. The burden always is on the plaintiff in cases of this character to show affirmatively a negligent breach of the duty just stated as an indispensable element of the right to recover.

One of plaintiff's witnesses had operated the machine immediately south of the defective place until a few days before plaintiff was injured. It is true he did not see plaintiff fall, and had none but hearsay knowl-

edge of the location of the defective place that caused the fall, but his description of the machine at which he had worked and of a defective place in the passageway north of it, which he testified had been there for six months or more, strongly tended to identify the place he had in mind with the one that caused the injury. Evidence of a defect similar to that causing the injury and in close proximity thereto is admissible even in the absence of direct evidence identifying them, and when produced the jury should be permitted to consider and weigh such evidence with the other facts and circumstances in proof. The evidence is substantial, and as it tends to show the existence of the defective place for so long a time preceding the injury, it was for the jury to say whether or not defendant was negligent in failing to discover its presence in time to have repaired the place by the use of reasonable diligence.

The court in the instructions given submitted the issue of plaintiff's negligence and the jury in the verdict returned found that he was in the exercise of due care when injured. Defendant says that in law plaintiff must be held guilty of contributory negligence for several reasons. First, knowing that the floor was uneven from wear and that it was constantly being used in the trucking of heavy loads, plaintiff had no right to assume that it was reasonably safe for his use but should have made vigilant use of his eyes to discover defects. Considering the substantial character of the floor which evidently was designed to be sufficient for the purposes of its intended use, we cannot say as a matter of law that the use of an apparently unobstructed passageway by a servant who found it necessary to walk from one part of the room to another was made more dangerous by the fact that loaded trucks had been moved over it. The effect such operations would have on a floor of such construction and the degree of caution to be observed by an ordinarily prudent man who knew

the character of the work performed in that room but did not know of the existence of any defects, are sub-jects about which reasonable minds well could differ, and this being true they were issues of fact for the jury to determine.

Plaintiff as foreman of the foundry was not charge-able with the duty of inspecting the floor of the wood shop and when in the course of business he found it nec-essary to enter that room had the right to assume that defendant had performed its obligation to him to ex-ercise reasonable care to discover defects in the floor and to repair them, and that the passageway was in a rea-sonably safe condition for his use. True "he could not put his eyes in his pocket" and go blindly forward with-out giving any heed to his course. But when not con-fronted by any apparent danger, ordinarily prudent persons do not act with the vigilance and caution they employ to detect and avoid known or suspected dangers. To say that plaintiff should be pronounced culpable in law because he admits he did not give close attention to the floor after observing that he had an apparently safe passageway ahead of him, would be to require of him the same degree of vigilance he should have used had he known of the presence of defects in the way or had good reason to believe they existed.

Further, it is said plaintiff should have walked along the main aisle which was provided with a good smooth floor until he arrived at a point opposite to the position of the foreman, instead of entering the wood shop at its east end. Plaintiff did not know in what part of the room he would find the foreman and it was a very natural thing for him to pass as quickly as he could from behind the obstruction to his view of the in-terior of the wood shop interposed by the line of wooden pillars. As we before observed, we cannot arbitrarily say that the passageway through the wood shop was inher-ently more dangerous than that offered by the main aisle,

and as plaintiff did not know of the presence of the defect it can not be said in law that he voluntarily chose an obviously dangerous course in preference to one more safe. Under all the facts and circumstances, the classification of plaintiff's conduct fell within the province of the jury, and the demurrer to the evidence was properly overruled.

We have considered the criticisms made by defendant of the instructions given on behalf of plaintiff. Most of them have been answered sufficiently in the views expressed and for that reason do not call for special mention. The others clearly are without merit. The case was fairly submitted and the judgment is affirmed. All concur.